IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CINDY E. HERRINGTON                                                                                  PLAINTIFF

v.                                    Civil No. 08-5128

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Cindy Herrington, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability, disability insurance benefits (DIB), social security income ("SSI") pursuant to Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423.  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## Procedural Background:

The plaintiff filed her application for Adult Child Disability Benefits on May 10, 1993, alleging an onset date of October 29, 2004.  (Tr. ).  Plaintiff was found disabled as of May 10, 1993.  However, a continuing disability review performed in October 2003 determined that plaintiff was not longer disabled as of October 1, 2003.  This determination was upheld upon reconsideration after a disability hearing held on February 16, 2007.  Plaintiff was present and represented by counsel.

**AO72A**
**(Rev. 8/82)**

At the time of the administrative hearing, plaintiff was 32 years old and possessed a high school education in special education. (Tr. 19). The record reveals that she has no past relevant work experience ("PRW"). (Tr. 21, 395-402).

On March 9, 2007, the Administrative Law Judge ("ALJ") concluded that plaintiff's mental impairment no longer met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4, and medical improvement had occurred as of October 1, 2003. (Tr. 13). The ALJ determined that plaintiff was limited to performing work where the interpersonal contact is incidental to the work performed; the complexity of the tasks is learned and performed by rote with few variables that require little judgment and only simple, direct, and concrete supervision. (Tr. 17). With the assistance of a vocational expert, the ALJ then concluded that plaintiff could perform work as a small products assembler. (Tr. 20).

The plaintiff appealed this decision to the Appeals Council, but her request for review was denied on April 30, 2007. (Tr. 9-10). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

**Discussion:**

Of particular concern to the undersigned is the ALJ's determination that plaintiff's physical impairment was non-severe. The Commissioner uses a five-step evaluation to determine if a claimant is disabled. *Id.* at 754; 20 C.F.R. § 416.920(a)(4). Step two of the evaluation states that a claimant is not disabled if her impairments are not "severe." *Simmons,* 264 F.3d at 754; 20 C.F.R. § 416.920(a)(4). An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability

3

to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir.2007). It is the claimant's burden to establish that his impairment or combination of impairments are severe. *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir.2000). Severity is not an onerous requirement for the claimant to meet, *see Hudson v. Bowen,* 870 F.2d 1392, 1395 (8th Cir.1989), but it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing. See, e.g., Page, 484 F.3d at 1043-44; *Dixon v. Barnhart,* 353 F.3d 602, 605 (8th Cir.2003); *Simmons,* 264 F.3d at 755; *Gwathney v. Chater,* 104 F.3d 1043, 1045 (8th Cir.1997); *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir.1996).

In the present case, the record reveals that plaintiff has suffered from spina bifida occulta with a transitional S1 vertebra since birth and was morbidly obese. She has complained of lower back pain on numerous occasions and was prescribed Darvocet, Depo-Medrol, Flexeril, Keflex, Lortab, Naproxen, Voltaren, Tramadol, and Tylenol. (Tr. 18, 102, 149, 193, 196, 205, 207, 211, 212, 217, 221, 241, 247, 253-258, 283-284, 293-29, 298-299). In fact, on May 2, 2000, Dr. George Benjamin stated that due to her back impairment, plaintiff could not lift over 20 pounds. (Tr. 133). There is nothing in the record to show this was a temporary limitation. However, this clearly was not considered by the ALJ, as he concluded that plaintiff's spina bifida occulta was not severe and did not impact her ability to perform work-related activities. Therefore, we do

not find substantial evidence to support the ALJ's RFC assessment. Accordingly, remand is necessary to allow the ALJ to reevaluate plaintiff's physical impairments.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore the denial of benefits to plaintiff is hereby reversed and this matter remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 24th day of August 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

5